**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
SALMAN VAKIL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMAN VAKIL,<br><br>            Plaintiff,<br><br>    vs.<br><br>GC SERVICES, LP,<br><br>            Defendant(s). | Case No.: 8:20-cv-458<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## INTRODUCTION

1. SALMAN VAKIL (Plaintiff) brings this action to secure redress from GC SERVICES, LP (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Plaintiff also brings this action to secure

redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions alleged in this Complaint originated here as Plaintiff is located and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Orange County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a limited partnership engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Texas. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. Specifically, Defendant seeks to collect an alleged debt stemming from unreturned consumer cable television equipment. However, Plaintiff returned said equipment upon the termination of the contract/subscription as Plaintiff had

recently purchased a home and was moving to his new residence and did not have access to the creditor's services at his new location.

9. Within one year prior to the filing of this action, Defendant placed telephone calls to Plaintiff seeking to collect the alleged debt at issue.

10. On or about December 13, 2019, Plaintiff answered one of Defendant's calls and spoke with a male agent. During this call, Plaintiff advised said agent that the cable equipment had been returned, that Plaintiff did not owe the debt, and thus that Plaintiff disputed the debt. In response, Defendant's agent called Plaintiff a liar and a fraud and demanded payment notwithstanding this information provided by Plaintiff and without investigating Plaintiff's claims further.

11. On or about December 28, 2019, Plaintiff answered another of Defendant's calls and spoke with a female agent. During this call, Plaintiff again advised said agent that the cable equipment had been returned, that Plaintiff did not owe the debt, and thus that Plaintiff disputed the debt. In response, Defendant's agent acknowledged Plaintiff's claims and concerns and advised that Defendant would further investigate the matter.

12. Beginning in December, Defendant also sought to collect this alleged debt by way of reporting the debt on Plaintiff's personal credit report(s).

13. However, as of February 2020, Defendant has failed to update its credit reporting to reflect the fact that Plaintiff has vehemently disputed the debt and does not believe the debt is owed.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated §1692d by engaging in conduct the natural consequence is the abuse, annoyance or harassment of Plaintiff;

(b) Defendant violated §1692e(8) by falsely reporting the alleged debt on Plaintiff's credit report(s) without properly noting that the debt is disputed by Plaintiff;

16. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

20. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a) for the emotional distress and financial harm suffered as a result of both the intentional and/or negligent FDCPA and RFDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) pursuant to Cal. Civ. Code § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

(d) For such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: March 6, 2020     **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*